# United States Bankruptcy Court
## District of Nevada

Case No. <u>10–10006–bam</u>

**Chapter 13**

In re: (Name of Debtor)
    TAKEEHIRO MITAMURA
    5412 LA PATERA LANE
    LAS VEGAS, NV 89149

## NOTICE OF INCOMPLETE AND/OR DEFICIENT FILING

**NOTICE IS GIVEN THAT** the above debtor(s) filed a voluntary petition on 1/4/10. Pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules for the District of Nevada, the Clerk has noted deficiencies to the petition and/or schedules and statements of this debtor(s) as listed below. This Notice advises the debtor(s) of deficiencies noted by the Clerk in the filing of the Voluntary Petition and related documents. This Notice does not cover all duties and requirements a debtor must perform, and there may be other deficiencies not noted below. **Failure to cure the deficiencies within the time allowed by law or by an extension granted by court order may result in the dismissal of this case.**

I. <u>VOLUNTARY PETITION:</u>

    ☐ a.    The Voluntary Petition does not comply with Official Form B1 to implement amendments to the Bankruptcy Code contained in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

            The debtor is directed to file an Amended Voluntary Petition on Official Form B1 and containing the required signatures of all parties. A link to the form is available on the court's web site at www.nvb.uscourts.gov

    ☐ b.    The address of the debtor(s) is missing or incomplete on the Voluntary Petition (Form B1) and therefore the Clerk is unable to provide proper notice to creditors.

            The debtor(s) is directed to file an Amended Voluntary Petition (Form B1) with the complete address of the debtor(s).

    ☐ c.    The Voluntary Petition (Form B1) does not contain all signatures required by Fed. R. Bankr. P. 1008 and Fed. R. Bankr. P. 9011(a).

            The debtor is directed to file an Amended Voluntary Petition containing required signatures of all parties.

    ☐ d.    INDIVIDUAL DEBTOR(S) ONLY: The Voluntary Petition does not contain Exhibit D–Individual Debtor's Statement of Compliance with Credit Counseling Requirement, as required by Official Form B1.

            Each individual debtor is directed to file Exhibit D–Individual Debtor's Statement of Compliance with Credit Counseling Requirement, with their Voluntary Petition.

II. <u>SCHEDULES, STATEMENTS AND CERTIFICATIONS:</u>

    ☑ a.    Notice to Individual Consumer Debtor Under § 342(b) ( Form 201) was not filed at the time the bankruptcy petition was filed.

            The debtor is directed to file the Notice to Individual Consumer Debtor within 14 days of the

filing of the bankruptcy petition.

- [x] b. The following schedules, required pursuant to Fed. R. Bankr. P. 1007(b) and (c), were not filed with the Voluntary Petition:

    - [x] Summary of Schedules (Form B6)
    - [x] Statistical Summary of Certain Liabilities (28 U.S.C. §159) (Individual Debtors Only) (Form B6–Summary)
    - [ ] Schedule A – Real Property (Form B6A)
    - [x] Schedule B – Personal Property (Form B6B)
    - [x] Schedule C – Property Claimed as Exempt (Form B6C)
    - [ ] Schedule D – Creditors Holding Secured Claims (Form B6D)
    - [x] Schedule E – Creditors Holding Unsecured Priority Claims (Form B6E)
    - [x] Schedule F – Creditors Holding Unsecured Nonpriority Claims (Form B6F)
    - [x] Schedule G – Executory Contracts and Unexpired Leases (Form B6G)
    - [x] Schedule H – Codebtors (Form B6H)
    - [x] Schedule I – Current Income of Individual Debtor(s) (Form B6I)
    - [x] Schedule J – Current Expenditures of Individual Debtor(s) (Form B6J)
    - [ ] Declaration Concerning Debtor's Schedule (Form B6–Decl.)

    The debtor(s) is directed to:

    1) file the missing schedules with Declaration (Form B6–Decl.) of the debtor(s) and required signatures no later than 14 days from the date the petition was filed.

    2) if additional creditors not initially provided with the Voluntary Petition are added on the Schedules, the debtor(s) is directed to:

        A) include the $26.00 amendment fee; and
        B) provide Proof of Service of the "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, and Deadlines (Form B9_)" issued in the case to each of the additional creditors.

- [x] c. The Statement of Financial Affairs (Form B7), required pursuant to Fed. R. Bankr. P. 1007(b) and (c), were not filed with the Voluntary Petition.

    The debtor(s) is directed to file the missing Statement of Financial Affairs (Form B7) with declaration of the debtor(s) and required signature(s) no later than 14 days from the date the petition was filed.

- [ ] d. The Statement of Financial Affairs (Form B7), required pursuant to Fed. R. Bankr. P. 1007(b) and (c), was filed without an original signature or the required electronic signature in compliance with Fed. R. Bankr. P. 1008 and/or Local Rule 5005, and Local Rule 9004 thereto.

        The debtor(s) is directed to file an Amended Statement of Financial Affairs containing the required signatures of all parties or /s/ and the parties names in accordance with Local Rule 5005, and Local Rule 9004 within 14 days from the date the petition was filed.

☐ e.    The Declaration and Signature of Non–Attorney Bankruptcy Petition Preparer (Form B19), required to be filed with the initial and all subsequent filings prepared by a bankruptcy petition preparer pursuant to Section 110 of the Bankruptcy Code, was not filed with the Voluntary Petition.

        The debtor(s) is directed to file the Declaration and Signature of Non–Attorney Bankruptcy Petition Preparer (Form B19).

☐ f.    The Disclosure of Compensation of Bankruptcy Petition Preparer (Form B280), required to be filed with the petition if prepared by a bankruptcy petition preparer pursuant to Section 110 of the Bankruptcy Code, was not filed with the Voluntary Petition.

        The debtor(s) is directed to file the Disclosure of Compensation of Bankruptcy Petition Preparer (Form B280).

## III. DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

☑    Pursuant to Fed. R. Bankr. P. 2016(b), the attorney for the debtor(s) has failed to file a statement of compensation as required by Section 329 of the Bankruptcy Code. The attorney for the debtor(s) is directed to:

    1)    file a statement of compensation in compliance with Fed. R. Bankr. P. 2016(b).
    2)    Form B203 Disclosure of Compensation of Attorney For Debtor may be used to meet this requirement. A link to the form is available on the court's web site at www.nvb.uscourts.gov

    Failure of the attorney for the debtor(s) to cure this deficiency may result in sanctions or the issuance of a show cause order.

## IV. LIST OF CREDITORS:

☐ a.    Pursuant to Fed. R. Bankr. P. 1007(a) and Local Rule 1007, the voluntary petition was not accompanied by a list containing the names and addresses of the debtor's creditors. In addition, the debtor(s) has not filed a schedule of liabilities. The debtor(s) is directed to file a list containing the names and addresses of the debtor's creditors. The list must be in compliance with the Local Rule 1007(b).

☑ b.    The Verification of Creditor Matrix, required pursuant to Fed. R. Bankr. P. 1008, was not filed with the list of creditors.

        The debtor(s) is directed to submit to the Clerk a Verification of Creditor Matrix form in accordance with Fed. R. Bankr. P. 1008. The form is available from the court's web site at www.nvb.uscourts.gov.

☐ c.    Pursuant to Local Rule 1007(b), the attorney for the debtor(s) failed to enter the names and addresses of all creditors of the debtor(s) into the court's electronic case filing system (CM/ECF) or, if exempt from mandatory electronic filing, to submit a computer readable diskette containing the names and addresses of all creditors of the debtor(s) or the diskette that was submitted was not properly formatted. The notice of commencement of case will exclude the creditors not entered into CM/ECF or not submitted on a properly formatted disk, and therefore, their debts may not be dischargeable.

    The attorney for the debtor(s) is directed to:
    1)    serve a copy of the notice of commencement of case that contains the full social security number of the debtor(s) upon all creditors; and
    2)    file proof of service of the notice. The proof of service should redact the debtor(s) social security number.

With the filing of the proof of service, the attorney for the debtor(s) is further directed to:
1) enter the names and addresses of all creditors of the debtor(s) into the court's electronic case filing system (CM/ECF); or
2) if the attorney is exempt from mandatory electronic filing, submit a properly formatted diskette, properly labeled with the debtor's name(s) and case number, to the court. Upon submission of a computer readable disk, these creditors will be added to the case.

V. STATEMENT OF SOCIAL SECURITY NUMBER

☐ a. Pursuant to Fed. R. Bankr. P. 1007(f), the debtor(s) has failed to file a verified Statement of Social Security Number (Form B21).

The debtor(s) is directed to submit to the Clerk:
1) a verified Statement of Social Security Number of the debtor(s);
2) to give notice of the debtor(s) complete social security number to all creditors and parties in interest; and
3) file with the court proof of service of the notice. The proof of service should redact the debtor(s) social security number.

☐ b. The verified Statement of Social Security Number (Form B21) was filed without an original signature or the required electronic signature in compliance with Fed. R. Bankr. P. 1008 and/or Local Rule 5005, and Local Rule 9004.

The debtor(s) is directed to submit to the Clerk a verified Statement of Social Security Number (Form B21) of the debtor(s) containing the required signatures of all parties or /s/ and the parties names in accordance with Local Rule 5005, and Local Rule 9004.

VI. STATEMENT OF CURRENT MONTHLY INCOME AND MEANS TEST CALCULATION – (INDIVIDUALS ONLY)

☑ a. The Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Chapter 13)(Form B22C), required pursuant to Fed. R. Bankr. P. 1007(b)(6) and (c), was not filed at the same time as the Voluntary Petition.

The debtor(s) is directed to file the Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Chapter 13)(Form B22C), no later than 14 days from the date the petition was filed.

☐ b. The Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Chapter 13)(Form B22C), required pursuant to Fed. R. Bankr. P. 1007(b)(6) and (c), was filed without an original signature or the required electronic signature in compliance with Fed. R. Bankr. P. 1008 and/or Local Rule 5005, and Local Rule 9004.

The debtor(s) is directed to file an Amended Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Chapter 13) (Form B22C), containing the required signatures of all parties or /s/ and the parties names in accordance with Local Rule 5005, and Local Rule 9004 within 14 days from the date the petition was filed.

VII. CERTIFICATION OF CREDIT COUNSELING

☑ a. The Voluntary Petition, Exhibit D–Individual Debtor's Statement of Compliance With Credit Counseling Requirement, indicates that credit counseling was obtained by the debtor(s), but the Certificate of Credit Counseling and any Debt Repayment Plan pursuant to Fed. R. Bankr. P. 1007 and Section 521(b) of the Bankruptcy Code was not filed. **Pursuant to Fed. R. Bankr. P. 1007, the debtor must file the Certificate of Credit Counseling within 14 days from the date the petition was filed.**

- ☐ b. The Voluntary Petition, Exhibit D–Individual Debtors' Statement of Compliance With Credit Counseling Requirement, does not indicate that credit counseling was obtained by the debtor(s), and the Certificate of Credit Counseling and any Debt Repayment Plan pursuant to Fed. R. Bankr. P. 1007 and Section 521(b) of the Bankruptcy Code was not filed. **Pursuant to Fed. R. Bankr. P. 1007, the debtor must file the Certificate of Credit Counseling within 14 days from the date the petition was filed.**

- ☐ c. The Voluntary Petition, Exhibit D–Individual Debtor's Statement of Compliance With Credit Counseling Requirement, indicates that the debtor is not required to receive credit counseling due to incapacity, disability, or active military duty but the request for determination by the court under Section 109(h)(4) was not filed pursuant to Fed. R. Bankr. P. 1007, and Section 109(h) of the Bankruptcy Code. **Pursuant to Fed. R. Bankr. P. 1007, the request for determination should have been filed with the Voluntary Petition.**

    The request form is available on the court's web site at www.nvb.uscourts.gov or from the Clerk's Office.

VIII. FILING FEES:

- ☐ a. Pursuant to Fed. R. Bankr. P. 1006(a), the Voluntary Petition was filed without payment of the required filing fee. In addition, the debtor(s) has not filed an application seeking approval to pay the filing fee in installments pursuant to Local Rule 1006.

    The debtor(s) is directed to pay the required filing fee.

- ☐ b. The Application to Pay Filing Fees in Installments is not properly signed by the debtor(s) in compliance with Fed. R. Bankr. P. 1006(b)(1) and does not comply with Local Rule 1006. The form used in the District of Nevada which complies with both rules is available on the court's web site at www.nvb.uscourts.gov or from the Clerk's Office.

    The debtor(s) is directed to file an Amended Application to Pay Filing Fees in Installments containing the required signatures.

- ☐ c. The filing fee submitted with the petition has been returned to the debtor(s) or attorney for debtor(s) due to an incorrect payment amount or was tendered by personal check of the debtor(s).

    The debtor(s) is directed to:
    1) pay the required filing fee in the correct amount.
    2) if paid directly by the debtor, pay the required filing fee by cash or money order.

IX. CHAPTER 13 PLAN:

- ☑ a. A Chapter 13 Plan, required pursuant to Fed. R. Bankr. P. 3015(b), was not filed with the Voluntary Petition.

    The debtor(s) is directed to file a signed and dated Chapter 13 Plan in compliance with Fed. R. Bankr. P. 3015(b) and (c) within 14 days from the date the petition was filed.

- ☐ b. The Chapter 13 Plan is not signed.

    The debtor(s) is directed to file a signed and dated Amended Chapter 13 Plan within 14 days from the date the petition was filed.

X. DECLARATION RE: ELECTRONIC FILING:

- ☑ The debtor(s) failed to file a Declaration under penalty of perjury re: Electronic Filing pursuant to Local Rule 5005, and Electronic Filing Procedures (revised 12/09), thereto or has failed to include a proper electronic signature in compliance with Fed. R. Bankr. P. 9011(a) and Local Rule 5005.

The debtor(s) is directed to file a Declaration under penalty of perjury re: Electronic Filing containing the required signatures of all parties or /s/ and the parties names in accordance with Local Rule 5005, and Electronic Filing Procedures (revised 12/09) thereto.

*UNITED STATES BANKRUPTCY COURT*
*DISTRICT OF NEVADA*

"ELECTRONIC FILING PROCEDURES"
Revised May 1, 2006

VIII.    Signatures
D.    Documents Requiring Original Signatures
1.    Documents Requiring Debtor's Signature; "Declaration re: Electronic Filing"

Petitions, lists, schedules and statements and plans (if applicable) requiring the signature of the debtor shall be filed electronically. Before the document(s) are electronically filed the debtor must sign a "Declaration Re: Electronic Filing of Petition, Schedules, Statements and Plan" "Declaration"). Within fourteen (14) days after the electronic filing, the debtor must file the executed "Declaration" by either electronic or conventional means. If the "Declaration" is filed electronically, the image of the original must be attached to the document(s) in PDF format; and the original signed "Declaration" shall be retained by the Filing User for the latter of five (5) years or the maximum allowable time necessary to complete the appellate process, and upon request, the original "Declaration" shall be provided to other parties or to the Court for review.

If after fourteen (14) days the "Declaration" has not been filed by either electronic or conventional means, the Court may enter an order of dismissal for failure to file missing documents. A "Declaration re: Electronic Filing of Petition, Schedules, Statements and Plan (if applicable)" is attached to these Electronic Filing Procedures.

A Declaration is required to be filed with each amendment to a petition, schedule, statement and/or plan requiring the signature of the debtor."

XI.    OTHER:

☐    Enter Additional Information:

**NOTICE IS FURTHER GIVEN:** The Local Rules and Electronic Filing Procedures are available on the court's web site at www.nvb.uscourts.gov. The Federal Rules of Bankruptcy Procedure are available at www.uscourts.gov/rules/.

Dated: 1/5/10                                                                    BY THE COURT

*Mary A. Schott*

Mary A. Schott
Clerk of the Bankruptcy Court