Marc L. Simon, Esq.
Nevada Bar No. 1259
SIMON & BERMAN
5812 South Pecos Road, Suite A
Las Vegas, Nevada 89120
(702) 451-7077
(702) 451.1002 facsimile
marc@sblaw.lvcoxmail.com
Attorney for Joyce Lozow

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA (LAS VEGAS)

| | |
|---|---|
| IN RE:<br><br>TAKEEHIRO MITAMURA<br><br>Debtor, | BK-10-10006-bam<br><br>JOYCE LOZOW'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY |

## MOTION

Joyce Lozow ("Lozow") moves the Court for an order granting her relief from the automatic stay pursuant to 11. U.S.C. §§362(a) and (d), and F.R.Bankr.P. 4001 and 9014, to permit Lozow to complete foreclosure proceedings as regards her first priority deed of trust on property located at 5412 La Patera Lane, Las Vegas, Nevada, 89014 (the "Property"). Lozow further requests that the Court's order be effective upon entry and not subject to the fourteen-day stay provided for under §4001(a)(3) of the Bankruptcy Rules. This Motion is based upon the Declaration of Lozow and the facts more fully set forth below.

**I.     JURISDICTION AND VENUE**

This Court has jurisdiction over this motion pursuant to 28 U.S.C. §1334. This is a core matter pursuant to 28 U.S.C. §157(d)(2)(G). Venue is proper in this Court in accordance with 28 U.S.C. §1409.

/ / /

/ / /

/ / /

-1-

## II.    FACTS

On or about November 29, 2004, Lozow sold the Property to the Debtor herein, the total price to the Debtor therefore being $249,500.00 (Lozow Declaration ¶ 1). In furtherance therefore, Debtor made a down payment of 10% of the purchase price equal to $24,950.00 and Lozow agreed to personally finance the balance of the price as evidenced by a Note from Debtor for $224,550.00, said Note secured by a first priority Deed of Trust recorded against the Property. (Lozow Declaration ¶ 2).

Debtor defaulted as regards its payment that became due on June 1, 2009. (Lozow Declaration ¶ 3).

Lozow subsequently contacted Ticor Title of Nevada, Inc. ("Ticor"), the Trustee identified within Debtor's Deed of Trust, to commence foreclosure proceedings. Notices of Default were thereafter duly recorded and served by Ticor on or about August 12, 2009 and again on or about August 31, 2009.

Subsequent to recordation of the aforesaid Notice of Default, Ticor did cause Debtor to be duly advised of his right to request foreclosure mediation. No response was ever received by Ticor to such notification. As a result, on December 10, 2009 Ticor did record a Notice of Trustee's Sale. (Lozow Declaration ¶ 5).

Prior to any Trustee's sale occurring, Debtor did file the within proceeding as a Chapter 13 case.

On January 6, 2010 Debtor filed a Motion to convert his Chapter 13 case to one under Chapter 7. On or about January 7, 2010 the case was converted to a proceeding under Chapter 7.

Debtor has indicated within Schedule A to his Chapter 7 Schedules, as well as within his Amended Statement of Intention, that it is his intent to surrender the subject Property.

Prior to the filing of this Motion, counsel for Lozow did, pursuant to F.R.Bankr.P. 4001(a)(2), attempt to resolve this matter without Court action. No response was ever received by Movant's counsel to several inquiries directed to Debtor's counsel relative to such informal resolution.

///

## III. ARGUMENT

This motion is based upon 11. U.S.C §362(d) which states in relevant part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]

(2) with respect to a stay of an act against property under subsection (a) of this section if –

(A) the Debtor does not have equity in such property; and

(B) such property is not necessary to an effective reorganization.

When, as here, the debtor has no equity in the subject Property, and the Property is not necessary for an effective reorganization, §362(d)(2) allows a court to put the disposition of the property in the hands of the interested creditor. 11 U.S.C. §362(d)(2)(A), (B).

### A.   There is No Equity in the Property.

Under the first prong of §362(d)(2), a debtor lacks equity in the property when the sum of the total debts secured by liens against the property exceed its value. §362(d)(2)(A); *Stewart v. Gurley*, 745 F.2d 1194, 1195 (9th Cir. 1984) (holding majority rule is the proper definition of "equity"); see also In re Faires, 34 B.R. 549, 551 (W.D. Wash. 1983).

The Property involved was sold by Lozow to Debtor at the peak of the Las Vegas real estate market. Subsequent thereto, property values have plummeted, in some case by more than 20% of their previous appraised fair market value.

Debtor's obligation to Lozow required interest only payments from November 29, 2004 through December 1, 2005. Subsequent payments consisted of principal and interest, but between December 1, 2005 and June 1, 2009 would not have reduced the unpaid principal balance of $224,550.00 but by a de minimus amount. Adding to such unpaid principal balance is unpaid interest of nearly $15,000.00 since June 1, 2009, a delinquent Homeowners' Association lien now in excess of $3,400.00 and a fair market value for the Property likely not exceeding $200,000.00.

/ / /

Based upon all of the foregoing, there exists no equity in the subject Property.

**B.    The Property is Also Not Necessary for an Effective Reorganization.**

The Debtor converted his Chapter 13 case to one under Chapter 7. Reorganization by the Debtor is thus no longer sought. Further, Debtor's Schedules reflect an intent to surrender the subject Property.

**C.    "Cause" Exists to Grant Relief from the Automatic Stay.**

There is no clear definition of what constitutes "cause" under 11 U.S.C. §362(d)(1). Courts therefore have discretion to determine what cause is, based upon a case-by-case analysis. *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986). Lack of adequate protection constitutes "cause" for lifting the stay to permit foreclosure. *In re McPherson*, 225 B.R. 203, 204 (Bankr. D. Idaho 1998).

Beyond the value of the property, a court will consider whether a creditor has some other form of adequate protection, as defined in §361. Adequate protection may be provided by periodic payments, additional or replacement liens, or such other relief that will result in the realization of the "indubitable equivalent" of the Creditor's interest. §361(1), (2) and (3). Periodic payments (§361(1)), for example, can prevent the erosion of secured debt where interest accrues "without any concomitant increase in value." *Castle Ranch of Ramona, Inc.*, 3 B.R. 45, 48 (S.D. Cal. 1980).

The Debtor has failed to make interest payments since May 2009. Debtor apparently also realizes it cannot offer Lozow adequate protection and for such reason has indicated its intent to surrender the Property. "Cause" thus exists to grant Lozow relief from the automatic stay. Pursuant to L.R. 9014(g) a Proposed Order in this matter is attached hereto, incorporated by this reference and marked as Exhibit "A".

///
///
///
///
///
///

## IV.  CONCLUSION

A variety of forces have combined to erode any equity that might have once protected the secured lender.  The Debtor lacks equity in the Property; the Property is not necessary for any type of reorganization; and there is cause to allow Lozow relief from the stay to continue and complete her foreclosure action.

DATED this 13th day of April, 2010.

SIMON & BERMAN

By: _____
Marc L. Simon, Esq.
Nevada Bar No. 1259
5812 S. Pecos Road, Suite A
Las Vegas, Nevada  89120
*Attorney for Joyce Lozow*

# Exhibit A

Marc L. Simon, Esq.
Nevada Bar No. 1259
SIMON & BERMAN
5812 South Pecos Road, Suite A
Las Vegas, Nevada 89120
(702) 451-7077
(702) 451.1002 facsimile
marc@sblaw.lvcoxmail.com
Attorney for Joyce Lozow

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA (LAS VEGAS)

IN RE:                                              )
                                                    )    BK-10-10006-bam
TAKEEHIRO MITAMURA                                  )
                                                    )    ORDER (PROPOSED) GRANTING
            Debtor,                                 )    JOYCE LOZOW'S MOTION FOR
                                                    )    RELIEF FROM THE AUTOMATIC
                                                    )    STAY
_____ )

## ORDER (PROPOSED)

THIS MATTER came before the Court on Joyce Lozow's ("Lozow") Notice of and Motion for Order Granting Relief from Stay ("Motion") seeking relief from the automatic stay pursuant to 11. U.S.C. §362(d)(1) and (2) in order to allow Lozow to continue and complete a foreclosure of her interest in Property located at 5412 La Patera Lane, Las Vegas, Nevada, 89149. Lozow's Motion further requested that the Court's Order be effective upon entry and not subject to the fourteen-day stay provided for under §4001(a)(3) of the Bankruptcy Rules.

Having reviewed the Motion for Relief, the supporting Declaration of Lozow and the Proof of Service on file herein, and having further determined that due and proper notice of the Motion was given, and having concluded that Debtor has no equity in the property, the property is not necessary to an effective reorganization, or alternatively, that Lozow's interest is not adequately protected, it is hereby,

ORDERED as follows:

1.  Lozow is granted relief from the automatic stay to immediately exercise all available rights and remedies she may have with respect to the real property located at 5412 La Patera Lane, Las Vegas, Nevada, 89149;

-1-

2. This order shall be effective upon entry and not subject to the fourteen-day stay provided for under §4001(a)(3) of the Bankruptcy Rules; and

3. This order shall be binding on all parties in interest in this proceeding, including but not limited to any trustee, committee, or debtor in possession, and shall be binding in the event of a conversion of this case to another chapter of the Bankruptcy Code, a dismissal and reopening of the case, or the filing of another case by Debtor involving the above described real property collateral.

DATED this _____ day of _____, 2010.

_____
HONORABLE BRUCE A. MARKELL
United States Bankruptcy Judge

Presented by:

SIMON & BERMAN

By:_____
Marc L. Simon, Esq.
Nevada Bar No. 1259
5812 S. Pecos Road, Suite A
Las Vegas, Nevada 89120
*Attorney for Joyce Lozow*

-2-